**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION**

| | |
|---|---|
| MEGAN S.,[1]<br><br>                    *Plaintiff*,<br><br>v.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security,[2]<br>                    *Defendant*. | CASE NO. 3:20-cv-54<br><br>MEMORANDUM OPINION & ORDER<br><br>JUDGE NORMAN K. MOON |

      This matter comes before the Court on both parties' objections to Magistrate Judge Hoppe's Report & Recommendation (R&R) on Plaintiff Megan S.'s appeal of Defendant Commissioner of Social Security's final decision denying her application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–434.

**STANDARD OF REVIEW**

      Objections to a magistrate judge's R&R under Federal Rule of Civil Procedure 72(b) "train[] the attention of both the district court and the court of appeals upon only those issues that remain in dispute after the magistrate judge has made findings and recommendations." *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007) (citing *Thomas v. Arn*, 474 U.S. 140, 147–48 (1985)). The district court must determine *de novo* any portion of the magistrate judge's report and recommendation to which a proper objection has been made. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C); *Farmer*, 177 F. App'x at 330–31.

---

    [1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts refer to claimants only by their first names and last initials.

    [2] Acting Commissioner Kijakazi is hereby substituted as the named defendant in this action. 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

1

In conducting this review, this Court must affirm the Administrative Law Judge's (ALJ's) factual findings if they are supported by substantial evidence and were reached through application of the correct legal standard. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019); *Bird v. Comm'r of Soc. Sec.*, 669 F.3d 337, 340 (4th Cir. 2012). Under this standard of review, the Court must "look[] to an existing administrative record and ask[] whether it contains 'sufficien[t] evidence' to support the [ALJ's] factual determinations." *Biestek*, 139 S. Ct. at 1154 (internal citations omitted). Substantial evidence requires more than a mere scintilla—but less than a preponderance—of evidence. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001). A finding is supported by substantial evidence if it is based on "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam). Where "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the Court must defer to the ALJ's decision. *Id*. A reviewing court may not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the ALJ. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (internal citations omitted). "Ultimately, it is the duty of the [ALJ] reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Thus, even if the Court would have made contrary determinations of fact, it must nonetheless uphold the ALJ's decision, so long as it is supported by substantial evidence. *See Whiten v. Finch*, 437 F.2d 73, 74 (4th Cir. 1971).

## FACTS AND PROCEDURAL HISTORY

Plaintiff Megan S. applied to the stage agency, Disability Determination Services (DDS) for disability insurance benefits (DIB) in June 2017, citing her history of three back surgeries,

neck pain and numbness and tingling down her right hand, nerve damage secondary to the back surgeries, anterolisthesis, L3-L4 facet arthropathy, and a bulging disc at L3-L4. (Administrative Record (AR) at 199–200, 219). She claimed that she became disabled on January 1, 2016. (*Id.* at 215). The state agency denied her claim in September 2017 (*Id.* at 127–40) and denied her petition for reconsideration in March 2018 (*Id.* at 141–57). In August 2019, she appeared, represented by counsel, at an administrative hearing conducted by the ALJ (*Id.* at 40–62). A vocational expert also testified at the hearing. (*Id.* at 63–67).

In a September 2019 decision, the ALJ found Plaintiff "not disabled" for the period she claimed disability. (*Id.* at 24). First, the ALJ found that Plaintiff had not worked since January 1, 2016, and that her date last insured was December 31, 2017. (*Id.* at 17). The ALJ found that Plaintiff suffered from the severe impairments Degenerative Disc Disease ("DDD") and bilateral ankle osteoarthritis during the relevant period. (*Id.*). However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. (*Id.*). Specifically, the ALJ found that she did not meet or medically equal the regulation's listings because she did not have DDD resulting in compromise of a nerve root or the spinal cord with decreased sensation or a positive straight leg raise test. (*Id.* at 19–20).

The ALJ then found that Plaintiff, during the relevant period, had the residual functional capacity to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), with some exceptions. (*Id.* at 20). Specifically, the ALJ found that Plaintif could lift, carry, push, and pull ten pounds occasionally and five pounds frequently; could stand and/or walk for two hours, and sit for at least six hours, during an eight-hour workday; could occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; could not climb ladders/ropes/scaffolds or work around

hazards or vibrations; and must be permitted to change positions between sitting and standing at intervals of approximately thirty minutes while remaining on task. (*Id.*).

Finally, the ALJ found that Plaintiff was capable of performing her past relevant work as a church secretary. (*Id.* at 24).

Plaintiff appealed to the Appeals Council, which denied her appeal in July 2020, and this appeal followed. (*Id.* at 1–3).

In her Motion for Summary judgment in the present case, Plaintiff argues that the ALJ erred in the following ways: (1) by discarding her subjective allegations of pain, (2) by failing to adequately assess her RFC by considering only what she could do in a single eight-hour workday without also finding what she could "reliably and continually do so without disabling incidences of absenteeism," (3) by making internally inconsistent findings with respect to her ability to sit, stand, and walk, and (4) by finding that she could perform her past relevant work. (Dkt. 11 at 3, 7–21).

In turn, the Commissioner argues that the ALJ's decision was based on substantial evidence, emphasizing the testimony of the vocational expert, who testified that an individual with Plaintiff's residual functional capacity would be capable of performing her past work as a church secretary. (Dkt. 13 at 2, 9–18).

Magistrate Judge Hoppe issued a Report & Recommendation on the Parties' motions for summary judgment on February 1, 2022. (Dkt. 14). After carefully considering the AR, the parties' briefs, and the applicable law, Judge Hoppe found that there was not substantial evidence to support the denial of benefits. (*Id.* at 1). Specifically, Judge Hoppe found that the ALJ erred by discrediting Plaintiff's subjective allegations of pain. (*Id.* at 4, 11–15). Judge Hoppe noted the relevant regulations' two step-process for evaluating a claimants' alleged symptoms:

> The regulations set out a two-step process for evaluating a claimant's alleged symptoms. [*Lewis v. Berryhill*, 858 F.3d 858, 865–66 (4th Cir. 2017)]; 20 C.F.R. § 404.1529. "First, the ALJ looks for objective medical evidence showing a condition that could reasonably produce the alleged symptoms," *Lewis*, 858 F.3d at 866, "in the amount and degree[] alleged by the claimant," *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996). Step One is a "threshold" inquiry, at which the "'intensity, persistence, or functionally limiting effects' of the claimant's asserted pain" are not considered. *Id.* Assuming the claimant clears the first step of the *Craig* analysis, the ALJ moves on to Step Two. There, "the ALJ must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit [her] ability," *Lewis*, 858 F.3d at 866, to work on a regular and continuing basis, *Mascio v. Colvin*, 780 F.3d 632, 637 (4th Cir. 2015); [*Hines v. Barnhart*, 453 F.3d 559, 565 (4th Cir. 2006)]; *see also* SSR 16-3p, 2016 WL 1119029, at *4 (Mar. 16, 2016). "The second determination requires the ALJ to assess the credibility of [subjective] statements about symptoms and their functional effects," *Lewis*, 858 F.3d at 866, after considering all the relevant evidence in the record, 20 C.F.R. § 404.1529(c). "At this step, objective evidence is *not* required to find the claimant disabled." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020) (citing SSR 16-3p, 2016 WL 1119029, at *4–5). The ALJ must give specific reasons, supported by "references to the evidence," for the weight assigned to the claimant's statements. *Edwards v. Colvin*, No. 4:13cv1, 2013 WL 5720337, at *6 (W.D. Va. Oct. 21, 2013) (citing SSR 96-7p, 1996 WL 374186, at *2, *4–5 (July 2, 1996)). But because "[s]ymptoms cannot always be measured objectively through clinical or laboratory diagnostic techniques," an ALJ "may 'not disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate' them." *Arakas*, 983 F.3d at 95 (quoting SSR 16-3p, 2016 WL 1119029, at *4–5); *see* 20 C.F.R. § 404.1529(c)(2).

(Dkt. 14 at 12–13). Judge Hoppe found that the ALJ had properly addressed Step One by concluding that Plaintiff had "medically determinable impairments [that] could reasonably be expected to cause the alleged symptoms," (*Id.* at 13 (quoting AR at 21)) but found that the ALJ improperly discounted Plaintiff's alleged subjective symptoms at Step Two. (*Id.* at 13–14). In fact, Judge Hope noted, the ALJ focused on the objective medical evidence to the total exclusion of Plaintiff's subjective complaints. (*Id.* at 14–15). Thus, Judge Hoppe concluded that the ALJ's decision with respect to Plaintiff's alleged symptoms was not supported by substantial evidence. (*Id.* at 15).

Judge Hoppe also addressed Plaintiff's argument that the ALJ's decision was inconsistent with respect to her ability to sit and stand. (*Id.* at 15–16). Judge Hoppe found that the ALJ's

decision on this matter was not, in fact, internally inconsistent (as Plaintiff argued), because Plaintiff misrepresented the ALJ's decision. (*Id.*). Rather than saying that Plaintiff must alternate between sitting and standing every 30 minutes, and then remain sitting or standing for the next 30 minutes (as Plaintiff characterized the ALJ's decision), Judge Hoppe found that the ALJ's decision merely meant that Plaintiff must have the opportunity to change positions every 30 minutes. (*Id.*). Judge Hoppe therefore found that Plaintiff's argument on the sit/stand option was "without merit." (*Id.* at 16).

Both parties filed objections to the R&R. Plaintiff objects to the R&R on two bases; first, Plaintiff contends that the R&R omitted a point that Plaintiff raised in her motion for summary judgment regarding the ALJ's findings about what Plaintiff was capable of doing "on a regular and continuing basis," and second, Plaintiff argues that the R&R misstates the ALJ's findings on the sit/stand issue. (Dkt. 15 at 1–3). The Commissioner objects to the R&R's finding that the ALJ did not adequately address Plaintiff's subjective pain symptoms. (Dkt. 16).

## ANALYSIS

<u>Plaintiff's First Objection: Whether the ALJ Omitted Plaintiff's Issue About What Plaintiff Could do "On a Regular and Continuing Basis"</u>

Plaintiff's first objection is that the R&R improperly omits any discussion of a point that Plaintiff raised before the ALJ and in her motion for summary judgment here: that the ALJ's Residual Functional Capacity assessment only discussed what Plaintiff was capable of doing in an eight-hour workday, but not the additional necessary question of what Plaintiff was able to do "on a regular and continuing basis." (Dkt. 15 at 1). Plaintiff's argument, in essence, is that the ALJ did not consider whether Plaintiff's impairments would cause her to miss an unacceptable amount of work "over the course of a 5-day work week and four-plus week work month." (*Id.*).

Indeed, the Social Security Administration's policy and policy interpretation regarding the assessment of RFC in disability claims states that "RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting *on a regular and continuing basis*. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8p (emphasis added). The applicable regulations apply a two-step process for determining the claimant's RFC: first, assessing the claimant's limitations, and then assessing the claimant's ability to sustain work activity "on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

Neither the ALJ nor the R&R addressed this issue. Rather, both the ALJ and the R&R solely addressed what Plaintiff was able to do in a single eight-hour workday, *not* what Plaintiff was able to do "on a regular and continuing basis." (*See* AR at 20–24; Dkt. 14 at 14–16). Plaintiff has made clear that her claim is not just that her impairments limit her from completing any particular eight-hour workday, but that she has too many "bad days" of pain each month to maintain employment (because, as the VE testified in the administrative proceeding, an employer would likely terminate an employee who had to miss as many days of work each month as Plaintiff claims she must miss). (*See* Dkt. 11 at 13–15; Dkt. 15 at 1–2). Plaintiff put forward evidence of her inability to work a full work month in the administrative proceedings (*See* AR at 58–59, 66), but the ALJ did not address or acknowledge that evidence. (*See* AR at 20.). In short, the ALJ did not adequately address whether Plaintiff could sustain work-related physical activity "on a regular and continuing basis."

It is this Court's duty to review "the question of conformity" of the ALJ's decision to the applicable regulations. 42 U.S.C. § 405(g). Therefore, this Court must remand to the agency to

7

decide whether Plaintiff can sustain work-related physical activities "on a regular and continuing basis," not just for a single eight-hour workday. This objection is sustained.

Plaintiff's Second Objection: Description of the Sit/Stand Option

Plaintiff's second objection is to the ALJ's description of the sit/stand option. (Dkt. 15 at 2). Plaintiff asserts that "the ALJ never specifies exactly how long Plaintiff may be allowed to remain in either the seated or standing position to alleviate her pain from the previously-held posture." (*Id.*). Rather, Plaintiff asserts, the ALJ "only finds that she can change positions 'at intervals of approximately every thirty minutes.'" (*Id.* (quoting AR at 20)). Plaintiff reads the ALJ's decision to require her to stand for half the workday, which would exceed the ALJ's separate finding that Plaintiff can only stand and/or walk for two hours per day. (*Id.* at 2–3).

Plaintiff's argument here misreads the ALJ's decision. The ALJ's decision on the sit/stand option was not, as Plaintiff asserts, that Plaintiff must sit for thirty minutes, then stand for thirty minutes, then sit for thirty minutes, and so on. The ALJ found that Plaintiff must be "permitted to change positions between sitting and standing at intervals of approximately 30 minutes." (AR at 20). As Judge Hoppe noted, "this limitation simply means that Megan must have the option to adjust her position every thirty minutes if she so desires. For instance, if Megan had been working in a seated position for thirty minutes, she could then stand for a few minutes and adjust her position before returning to sitting." (Dkt. 14 at 16) (citing SSR 83-12, 1983 WL 31253, at *4 ("The individual may be able to sit for a time, but must then get up and stand or walk for awhile before returning to sitting.")). In other words, the ALJ's finding was that Plaintiff must be *permitted* to change positions, not that Plaintiff *must* change positions. There is no reasonable reading of the ALJ's finding that would require Plaintiff to stand for half the workday.

This objection is overruled.

<h3 style="text-align:center">Commissioner's Objection on Subjective Pain Symptoms</h3>

The R&R recommends remanding the case because of the ALJ's failure to consider Plaintiff's subjective pain symptoms. (Dkt. 14 at 11–15). The R&R largely relied on the Fourth Circuit's recent opinion in *Arakas v. Comm'r of Soc. Sec. Admin.*, 983 F.3d 83 (4th Cir. 2020), which held that because "[s]ymptoms cannot always be measured objectively though clinical or laboratory diagnostic techniques," an ALJ "may not disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate them." 983 F.3d at 95 (quoting SSR 16-3p, 2016 WL 1119029, at *4–5).

The Commissioner contends that *Arakas* was limited to cases involving fibromyalgia. But that is clearly not right. While *Arakas* did involve fibromyalgia, its reasoning was not nearly so fact specific. The Fourth Circuit wrote:

> The Fourth Circuit "has battled the [Commissioner] for many years over how to evaluate a disability claimant's subjective complaints of pain." *Lewis*, 858 F.3d at 865 (alteration in original) (quoting *Mickles v. Shalala*, 29 F.3d 918, 919 (4th Cir. 1994) (Hall, J., concurring)). In fact, the two-step process that SSA uses to evaluate symptoms was born out of a long history of disagreements between this Court and the agency over this very issue. *See Hines v. Barnhart*, 453 F.3d 559, 564–65 (4th Cir. 2006). Since the 1980s, we have consistently held that "while there must be objective medical evidence of some condition that could reasonably produce the pain, there need not be objective evidence of the pain itself or its intensity." *Walker v. Bowen*, 889 F.2d 47, 49 (4th Cir. 1989); *see also Craig*, 76 F.3d at 592–93; *Hines*, 453 F.3d at 563–65. Rather, a claimant is "entitled to rely exclusively on subjective evidence to prove the second part of the test." *Hines*, 453 F.3d at 565.

> Here, the ALJ disregarded this longstanding precedent and the agency's own policy by improperly discounting Arakas's subjective complaints of pain and fatigue, based largely on the lack of objective medical evidence substantiating her statements. The ALJ concluded that Arakas's medically determinable impairments "could reasonably be expected to cause some of the alleged symptoms," thus satisfying the first step of the symptom-evaluation framework.

9

983 F.3d at 95–96.

And, although *Arakas* itself involved fibromyalgia, in reaching the decision, the Fourth Circuit cited a number of other cases that involved other pain-producing conditions, including ones that, like Plaintiff's here, are subject to some degree of objective testing. *E.g., Lewis v. Berryhill*, 858 F.3d 858, 861 (4th Cir. 2017) (obesity, degenerative disc disease, degenerative joint disease, thoracic outlet syndrome, diabetes mellitus, lupus, and depression with complaints of anxiety.); *Mickles v. Shalala*, 29 F.3d 918, 921 (4th Cir. 1994) (joint pain, peptic ulcer and gastrointestinal disease, and headaches); *Walker v. Bowen*, 889 F.2d 47, 48 (4th Cir. 1989) (diabetes mellitus, diabetic neuropathy, background retinopathy, hypertension, seizure disorder, cirrhosis with ascites, diverticulitis, chronic dermatitis, a hiatal hernia, and degenerative joint disease); *Craig v. Chater*, 76 F.3d 585, 588 (4th Cir. 1996) (chronic back pain, chronic tension headache, lumbrosacral strain, possible carpal tunnel syndrome, probable myofacial pain syndrome, fibrocytis syndrome, epigastric pain, and possible depression); *Hines v. Barnhart*, 453 F.3d 559, 560 (4th Cir. 2006) (sickle cell disease).

Thus, *Arakas* is apposite here.

As discussed above, the regulations set out a two-step process for evaluating a claimant's symptoms. In Step One, the "threshold" inquiry, the ALJ looks to the "objective medical evidence showing a condition that could reasonably produce the alleged symptoms." *Lewis*, 858 F.3d at 866, "in the amount and degree[] alleged by the claimant." *Craig*, 76 F.3d at 594. If the claimant clears Step One, the ALJ moves to Step Two, where the ALJ must consider "the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit [her] ability," *Lewis*, 858 F.3d at 866, to work on a regular and continuing basis, *Mascio v. Colvin*, 780 F.3d 632, 637 (4th Cir. 2015); SSR 16-3p, 2016 WL 1119029, at *4 (Mar.

16, 2016). *Arakas* clarified that, at Step Two, "objective evidence is *not* required to find the claimant disabled." 983 F.3d at 95. And because "[s]ymptoms cannot always be measured objectively though clinical or laboratory diagnostic techniques," an ALJ "may not disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate them." 983 F.3d at 95 (quoting SSR 16-3p, 2016 WL 1119029, at *4–5).

Here, the ALJ plainly failed to properly consider Plaintiff's statements about the intensity, persistence, and limiting effects of her symptoms. At Step Two, the ALJ merely noted that the medical evidence showed "mild to moderate exam findings" and "overall stable medical conditions" which do not support Plaintiff's "alleged loss of functioning." (AR at 23). Thus, the *only* reason that the ALJ gave for discounting Plaintiff's symptoms was the objective medical evidence. On remand, the ALJ may not disregard the "intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate them." *Arakas*, 983 F.3d at 95.

This objection is overruled.

## CONCLUSION

For the reasons stated, the Court

- ADOPTS in part the R&R, Dkt. 14;
- SUSTAINS in part and OVERRULES in part Plaintiff's objections to the R&R, Dkt. 15;
- OVERRULES the Commissioner's objections to the R&R, Dkt. 16;
- GRANTS Plaintiff's motion for summary judgment, Dkt. 10;
- DENIES the Commissioner's motion for summary judgment, Dkt. 12;
- REVERSES the Commissioner's final decision;

- REMANDS to the agency for further proceedings consistent with this opinion and order;
- and DISMISSES the case from the Court's active docket.

It is so ORDERED.

The Clerk of Court is directed to send copies of this opinion and order to all counsel of record.

Entered this 31st day of March 2022.

*Norman K. Moon*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE